UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONNIE EUGENE FENTRESS, ) | |
| ) | |
| Plaintiff, ) | 3 09 0669 |
| ) | |
| v. ) | No. 3:09mc0137 |
| ) | Judge Campbell |
| MONTGOMERY COUNTY CIRCUIT ) | |
| COURT JUDGE GASSAWAY, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Montgomery County Jail in Clarksville. He brings this action under 42 U.S.C. § 1983 against John H. Gassaway III, Circuit Court Judge for the 19th Judicial District, and the Montgomery County Sheriff's Department. The plaintiff seeks money damages and injunctive relief.

The plaintiff alleges that Judge Gassaway illegally found him guilty of a criminal offense, and that he is trying to sentence the plaintiff to the Tennessee Department of Correction. The plaintiff's claims against the Montgomery County Sheriff's Department pertain to conditions of confinement in the Montgomery County Jail. (Docket Entry No. 4, ¶ IV, pp. 5 and attach.)

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a

prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

"Few doctrines [are] more solidly established . . . than the immunity of judges from the liability for damages for acts committed within their judicial jurisdiction." *See Ray v. Pierson*, 386 U.S. 547, 553-45 (1967)(citing *Bradley v. Fisher*, 13 wall. 335, 20 L.Ed. 646 (1872)). The Supreme Court has held that judicial immunity for damages may be overcome in only two instances. A judge is not immune from liability for nonjudicial actions, *i.e.*, actions taken outside the judge's judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)(*per curiam*) (citing *Forrester v. White* 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)). A judge also is not immune for actions that, although judicial in nature, are taken in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11 (citing *Stump*, 435 U.S. at 356-357 and *Bradley*, 13 Wall. at 351).

The plaintiff does not allege, nor can it be liberally construed from the complaint, that Judge Gassaway acted outside his judicial capacity, or without jurisdiction. Therefore, Judge Gassaway is immune from the plaintiff's demand for money damages and, as such, the plaintiff fails to state a claim on which relief may be granted.

Judges are not immune from suits seeking declaratory or injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 541-542 (1984); *Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984). The injunctive relief that the plaintiff seeks against Judge Gassaway is to be released from jail with time served. (Docket Entry No. 4, ¶ V, p. 5)

If the proceedings in state court about which the plaintiff complains are ongoing, the abstention doctrine counsels federal courts to abstain from hearing challenges to those proceedings.

2

*See Younger v. Harris*, 401 U.S. 37, 37-38 (1971); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987); *see Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). If, on the other hand, those proceedings have concluded, and judgment has entered, *habeas corpus* is the plaintiff's exclusive remedy. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). In either event, the plaintiff once again fails to state a claim on which relief may be granted as to Judge Gassaway.

Turning to defendant Montgomery County Sheriff's Department, "persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*). A sheriff's department is not body politic; therefore, it is not "person" within the meaning of § 1983. *See Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the Montgomery County Sheriff's Department is not a "person" within the meaning of § 1983, the plaintiff fails to satisfy the second half of the two-part test under *Parratt* and, as such, he fails to make a *prima facie* showing of a violation under § 1983. Once again, the plaintiff fails to state a claim on which relief may be granted as to either his demand for money damages, or injunctive relief.

An appropriate order will be entered.

*/s/ Todd Campbell*
Todd Campbell
United States District Judge

3